ORIGINAL

FILED
MAR - 8 2007
U.S. COURT OF FEDERAL CLAIMS

**UNITED STATES COURT OF FEDERAL CLAIMS**

**Bid Protest**

**HERITAGE OF AMERICA, LLC,**

**Plaintiff,**

**No. 07-150-C**

**v.**

**THE UNITED STATES OF AMERICA,**

**Defendant.**

**MOTION FOR LEAVE TO FILE COMPLAINT AND OTHER PLEADINGS UNDER SEAL**

Plaintiff Heritage of America, LLC, by and through its counsel of record, pursuant to Appendix C, Section III of the Rules of the Court of Federal Claims, brings this motion for leave to file the complaint and other pleadings in this action under seal.

As grounds in support of this motion, HOA states as follows:

1. HOA is maintaining a post-award bid protest action in this Court.

2. HOA's protest was previously the subject of a protest brought by HOA to the Government Accountability Office.

3. During the course of the GAO protest preceding, on 1 November 2006, the GAO issued a protective order limiting disclosure of certain material and information. A copy of this protective order is attached hereto as Exhibit 1. Counsel for the parties were admitted to the

protective order. Protected material and information was subsequently disclosed pursuant to the terms of the protective order.

4. On 11 December 2006, GAO dismissed HOA's protest. On 7 February 2007, GAO denied HOA's request for reconsideration of the dismissal of the protest.

5. Under the terms of the protective order issued by the GAO, *inter alia,* within 60 days after the disposition of a request for reconsideration, all protected material furnished to individuals admitted under the protective order, with the exception of a single copy of a protected decision or letter issued by GAO shall be returned, destroyed, or retained for such additional period as agreed by the parties or ordered by GAO.

6. On 28 February 2007, counsel for HOA contacted the GAO and advised that HOA would be initiating a bid protest with the Court of Federal Claims and that the complaint and related pleadings would include information subject to the protective order. On that same day, the GAO issued its notice of limited leave to release protected information to a federal court. This notice provides, *inter alia,* that protected information obtained pursuant to GAO's protective order must be filed under seal with the Court of Federal Claims and counsel for HOA must request that the Court issue a protective order to cover the information currently under the GAO protective order. A copy of this notice is attached hereto as Exhibit 2.

7. HOA's complaint in the protest action before the Court and related pleadings include protected information obtained pursuant to GAO's protective order. Accordingly, the complaint and other pleadings should be filed under seal.

WHEREFORE, having shown good cause, Plaintiff Heritage of America, LLC respectfully requests the Court to enter an order granting leave to HOA to file under seal in this action the complaint and other pleadings. As required by the Court, the complaint and other

pleadings are marked or highlighted in such a way that the protected information is indicated and are accompanied by a redacted version of the complaint and other pleadings.

LEWIS AND ROCA JONTZ DAWE, LLP

By ______________________

Ross L. Crown
Attorneys for Heritage of America, LLC
P.O. Box 1027
Albuquerque, New Mexico 87103
(505) 764-5402
(505) 764-5463

Dated: 7 March 2007

**UNITED STATES GOVERNMENT ACCOUNTABILITY OFFICE**
**OFFICE OF THE GENERAL COUNSEL**
**PROCUREMENT LAW DIVISION**
**Washington, D.C. 20548**

**Matter of:** Heritage of America, LLC

**File:** B-298432.5

**Agency:** Department of the Army

## PROTECTIVE ORDER

This protective order limits disclosure of certain material and information submitted in the above-captioned protest, so that no party obtaining access to protected material under this order will gain a competitive advantage as a result of the disclosure. Material to which parties gain access under this protective order is to be used only for the subject protest proceedings, absent express prior authorization from the Government Accountability Office (GAO). Such authorization must be requested in writing, with notice to all parties.

1. This protective order applies to all material that is identified by any party as protected, unless GAO specifically provides otherwise. Protected material includes information whether on paper or in any electronic format. This protective order applies to all proceedings associated with the protest, e.g., supplemental/amended protests, requests for reconsideration, and claims for costs.

2. Protected material of any kind may be provided only to GAO and to individuals authorized by this protective order. The first page of each document containing protected material is to be clearly marked as follows:

**PROTECTED MATERIAL**
**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**
**GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER**

The party claiming protection must clearly identify the specific portion of the material for which it is claiming protection. Wherever such protection is claimed for a protest pleading, the party filing the pleading shall submit a proposed redacted version for public release when the protected version is filed.

3. Only individuals who are admitted under this protective order by GAO, and support staff (paralegal, clerical, and administrative personnel) who are employed or supervised by individuals admitted under this order, and who are not involved in

EXHIBIT
tabbies
1

competitive decisionmaking for a party to the protest or for any firm that might gain a competitive advantage from access to the protected material disclosed under this order, shall have access to information covered by this order. Individuals admitted under this protective order shall advise such support staff, prior to providing them access to protected material, of their obligations under this order.

4. Each party included under this protective order shall receive up to 3 copies of the protected material (the original constitutes one copy), and shall not further duplicate that material, except as incidental to its incorporation into a submission to GAO or as otherwise agreed to by the parties with GAO's concurrence. For purpose of this provision, a "party" refers to the entity of record. Therefore, multiple attorneys or law firms representing a single party must determine among them how to allocate the maximum of 3 copies among the individuals admitted to the protective order. Each duplication of electronic media (e.g., CD Rom), whether in electronic or hard copy form, constitutes a single copy. E-mail transmissions to multiple recipients should be counted as generating one copy for the sender and one for each recipient.

5. When any party sends or receives documents in connection with this protest that are not designated as protected, including proposed redacted versions of protected documents, the party shall refrain from releasing the documents to anyone not admitted under this protective order, including clients, until the end of the second working day following receipt of the documents by all parties. This practice permits parties to identify documents that should have been marked protected before the documents are disclosed to individuals not admitted under this protective order.

6. Each individual covered under this protective order shall take all precautions necessary to prevent disclosure of protected material. In addition to physically and electronically securing, safeguarding, and restricting access to the protected material in one's possession, these precautions include, but are not limited to, sending and receiving protected material using physical and electronic methods that are within the control of individuals authorized by this protective order or that otherwise restrict access to protected material to individuals authorized by this protective order. Protected material may be sent using electronic mail unless objected to by any party to the protest. The confidentiality of protected material shall be maintained in perpetuity.

7. Within 60 days after the disposition of the protest(s) (or if a request for reconsideration or a claim for costs is filed, 60 days after the disposition of those matters), all protected material furnished to individuals admitted under this protective order, including all electronically transmitted material and copies of such material, with the exception of a single copy of a protected decision or letter issued by our Office, shall be: (1) returned to the party that produced them; or (2) with the prior written agreement of the party that produced the protected material, destroyed and certified as destroyed to the party that produced them; or (3) with the prior written agreement of the party that produced the protected material, retained under the terms of this order for such period as may be agreed. Within the same 60-day

period, protected pleadings (including copies in archival files and computer backup files) and written and electronic transcripts of protest conferences and hearings shall be destroyed, and the destruction certified to GAO and the other parties, unless the parties agree otherwise. In the absence of such agreement and for good cause shown, the period for retention of the protected material under this paragraph may be extended by order of GAO. Any individual retaining material received under this protective order (except for the single copy of a protected decision or letter issued by our Office) beyond the 60-day period without the authorization of GAO or the prior written agreement of the party that produced the material is in violation of this order. The terms of this protective order (except those terms regarding the return or destruction of protected material) shall apply indefinitely to the single copy of the protected decision or letter issued by our Office that is retained by a party admitted under this order.

8. Any violation of the terms of this protective order may result in the imposition of such sanctions as GAO deems appropriate, including but not limited to referral of the violation to appropriate bar associations or other disciplinary bodies and restricting the practice of counsel before GAO. A party whose protected information is improperly disclosed shall be entitled to all remedies under law or equity, including breach of contract.

Nora K. Doolin, Staff Attorney — November 1, 2006

GAO
Accountability * Integrity * Reliability
**United States Government Accountability Office**
**Washington, DC 20548**

February 28, 2007

Ross Crown, Esq.
Lewis and Roca Jontz Dawe LLP

Major ChristinaLynn McCoy
Department of the Army

Peter Eyre, Esq.
Crowell & Moring
for Axseum Solutions, LLC

Janice Davis, Esq.
Davis & Steele
for Dynamic Systems Technology, Inc.

**File No.:** B-298432.5
**Protester:** Heritage of America, LLC
**Solicitation No.:** W74V8H-06-R-0044
**Agency:** Department of the Army

## NOTICE OF LIMITED LEAVE TO RELEASE PROTECTED INFORMATION TO A FEDERAL COURT

This notice modifies the terms of the Government Accountability Office protective order issued November 1, 2006 in connection with the above-referenced protest. The protective order is modified as follows to allow counsel for Heritage of America, LLC (Heritage) to use protected material in a suit they intent to file in the United States Court of Federal Claims (COFC). The following restrictions apply:

1. Protected information obtained pursuant to GAO's protective order must be filed under Seal with the COFC, and counsel for Heritage must request that the Court issue a protective order to cover the information currently under the GAO protective order. Counsel for Heritage remains responsible for any release of information, inadvertent or otherwise, that may occur prior to the Court issuing a protective order covering all the currently protected information.

EXHIBIT
2

2. Use of information protected under the GAO protective order will be governed by the protective order issued by the Court. Counsel for Heritage must provide a copy of the Court's protective order to GAO upon issuance.

All terms of the GAO protective order not otherwise modified by this notice remain in effect.

Nora K. Adkins
Staff Attorney