ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

FILED
MAR 2 2 2007
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HERITAGE OF AMERICA, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-150 |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CONSENT MOTION FOR LEAVE TO INTERVENE

Pursuant to Rule 24 of the Rules of the United States Court of Federal Claims, Evolver, Inc. ("Evolver") hereby moves to intervene in the above-captioned action. Counsel for Defendant, the United States, for Plaintiff, Heritage of America, LLC, and Intervenor Defendant, Dynamic Systems Technology, Inc., have stated that they do not oppose Evolver's intervention. The grounds supporting Evolver's motion are set forth in Evolver's Memorandum in Support of Motion for Leave to Intervene.

WHEREFORE, Evolver respectfully requests that this Court grant Evolver's Motion for Leave to Intervene in this action. A proposed Order is attached.

Respectfully submitted,

Andrew B. Golkow

REES, BROOME & DIAZ, P.C.
8133 Leesburg Pike, Ninth Floor,
Vienna, Virginia 22182
Telephone: (703) 790-1911
Telecopier: (703) 848-2530

Attorney of Record for Intervenor
Evolver, Inc.

Dated: March 22, 2007

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

| | | |
|---|---|---|
| HERITAGE OF AMERICA, LLC, Plaintiff, | ) | |
| v. | ) | No. 07-150 (Judge George W. Miller) |
| THE UNITED STATES, Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF CONSENT MOTION FOR LEAVE TO INTERVENE**

Evolver, Inc. ("Evolver") respectfully submits this memorandum in support of its Motion for Leave to Intervene in the above-captioned action.

**QUESTION PRESENTED**

Whether Evolver should be permitted to intervene in the above-captioned action as of right or, in the alternative, by the permission of the court.

**STATEMENT OF THE CASE**

On March 8, 2007, Plaintiff Heritage of America, LLC ("Heritage") commenced this action seeking temporary, preliminary, and permanent injunctive relief. Heritage challenges the award of a contract by the Army Contracting Agency ("ACA") to Evolver under Solicitation No. W74V8H-06-R-0044 (the "contract"). On September 22, 2006, the ACA notified unsuccessful offerors that it had selected Evolver as one of the three firms selected for award of the contract. Heritage seeks judicial review of that award.

Evolver, as the contract awardee whose performance is at issue in this action, seeks to intervene in the action as of right or, in the alternative, by the Court's permission.

## ARGUMENT

### I. EVOLVER SHOULD BE PERMITTED TO INTERVENE IN THIS ACTION AS OF RIGHT

Rule 24(a) of the Rules of the United States Court of Federal Claims ("RCFC") provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Because Evolver meets the requirements of the rule, as described below, Evolver requests that the Court determine that Evolver is entitled to intervene in this action.

First, Evolver certainly "claims an interest relating to the property or transaction which is the subject of the action," in that Evolver is the awardee of the contract whose performance is at issue in this lawsuit. Further, because Heritage asks the Court to enjoin Evolver's performance of the contract, the potential disposition of this action in Heritage's favor also would impair Evolver's ability to protect its interests relating to the contract. Finally, Evolver's interests would not be adequately represented by existing parties. Evolver's interests are served only by upholding the decision of the ACA to award the contract to Evolver and not suspending or otherwise delaying Evolver's performance under the contract. Although the United States and the ACA presumably

will oppose the injunctive relief sought by Heritage and defend the ACA's decision, only Evolver can adequately describe to the Court the harm it will suffer in the event the Court were to enjoin Evolver's performance under the contract. Further, the United States and the ACA have institutional interests in this matter that are different from Evolver's interests as the contract awardee.

Based upon the foregoing, Evolver submits that intervention as of right by Evolver is appropriate in this case. This Court routinely permits awardees to intervene in bid protest actions. *See, e.g., Overstreet Elec. Co. v. United States*, 59 Fed. Cl. 99 (2003); *SDS Int'l v. United States*, 48 Fed. Cl. 742 (2001). Particularly given that neither Heritage, the United States, nor Dynamic Systems Technology, Inc. oppose Evolver's intervention, Evolver's motion for leave to intervene should be granted.

## II. EVEN IF EVOLVER IS NOT ENTITLED TO INTERVENE IN THIS ACTION AS OF RIGHT, EVOLVER SHOULD BE PERMITTED TO INTERVENE

Although the requirements for intervention as of right are met in this case, as discussed above, even if Evolver were not entitled to intervene in this action as of right, Evolver requests that this Court grant it permission to intervene on a permissive basis under RCFC 24(b). Under that Rule,

> [u]pon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Evolver's motion to intervene also satisfies the requirements of RCFC 24(b).

As the awardee of the contract at issue in this action, Evolver's defense and opposition to Heritage's request for injunctive relief has numerous questions of law and fact in common with the instant action. Further, Evolver's intervention in this action will not unduly delay or prejudice the adjudication of the rights of the original parties. Indeed, Evolver is filing its motion to intervene early in this litigation and Evolver will make every effort to satisfy the deadlines set by the Court without request for delay. Further, Evolver's participation will not prejudice the adjudication of the rights of the original parties, but will ensure that the Court has a complete and accurate picture of the facts and circumstances of this case, including the substantial and irreparable harm that Evolver would suffer if the Court grants the relief sought by Heritage. Accordingly, even if the Court were to determine that Evolver is not entitled to intervene in this action as of right, Evolver respectfully requests that the Court grant Evolver permission to intervene in this action under RCFC 24(b).

## CONCLUSION

For the reasons stated herein, Evolver respectfully requests that the Court determine that Evolver may intervene in this action as of right pursuant to RCFC 24(a). In the alternative, Evolver requests that the Court grant Evolver permission to intervene in this action pursuant to RCFC 24(b).

Respectfully submitted,

Andrew B. Golkow

REES, BROOME & DIAZ, P.C.
8133 Leesburg Pike, Ninth Floor,
Vienna, Virginia 22182
Telephone: (703) 790-1911
Telecopier: (703) 848-2530

Attorney of Record for Intervenor
Evolver, Inc.

Dated: March 22, 2007

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Memorandum in Support of Consent Motion for Leave to Intervene was served by facsimile to the following parties, this 22nd day of March, 2007.

Brian T. Edmunds
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Facsimile: (202) 307-0972

Ross L. Crown
Lewis, Roca, et. al
201 Third Street, N.W.
Suite 1950
P.O. Box 1027
Albuquerque, NM 87103
Facsimile: (505) 764-5463

Janice Davis
Davis & Steele
1100 15th Street, N.W.
Suite 300
Washington, D.C. 20005-1720
Facsimile: (202) 530-5717

Andrew B. Golkow