# United States Court of Federal Claims

No. 07-150 C
Filed June 8, 2007
TO BE PUBLISHED

| | |
|---|---|
| HERITAGE OF AMERICA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>DYNAMIC SYSTEMS TECHNOLOGY, INC.,<br><br>and EVOLVER, INC.,<br><br>Defendant-Intervenors. | Post-judgment motion for reconsideration, Rule 59 of the Rules of the United States Court of Federal Claims, manifest injustice, reiteration of arguments previously made and rejected, new contentions, waiver of untimely argument |

Ross L. Crown, Lewis and Roca Jontz Dawe, LLP, Albuquerque, New Mexico, for plaintiff.

Brian T. Edmunds, Trial Attorney, Kathryn A. Bleecker, Assistant Director, Jeanne E. Davidson, Director, Peter D. Keisler, Assistant Attorney General, United States Department of Justice, Washington, D.C., for defendant. Christinalynn E. McCoy, U.S. Army, Arlington, Virginia, of counsel.

Janice Davis, Davis & Steele, Washington, D.C., for defendant-intervenor Dynamic Systems Technology, Inc.

Andrew B. Golkow, Rees, Broome & Diaz, P.C., Vienna, Virginia, for defendant-intervenor Evolver, Inc.

**OPINION AND ORDER**

GEORGE W. MILLER, Judge.

This matter is before the Court on the motion ("Mot.," docket entry 49) of Dynamic Systems Technology, Inc. ("Dynamic"), one of two defendant-intervenors, for reconsideration pursuant to Rule 59 of the Rules of the United States Court of Federal Claims of the Court's Opinion and Order filed under seal May 16, 2007, and reissued for publication on May 31, 2007 (docket entry 48), *Heritage of Am. v. United States*, --- Fed. Cl. ---, 2007 WL 1585008 (May 31, 2007).

Dynamic concedes that in order to prevail on a motion for reconsideration of a final judgment it must demonstrate that either (1) there has been an intervening change in controlling law; (2) previously unavailable evidence has been discovered; or (3) reconsideration is necessary to prevent manifest injustice. *See* 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995); *see also Phillips/May Corp. v. United States*, --- Fed. Cl. ---, 2007 WL 1227696 (May 3, 2007). Dynamic does not argue that the first two criteria have been met. Rather, it argues that reconsideration is necessary to prevent manifest injustice.

I

In that regard, Dynamic first argues that plaintiff's interpretation of the solicitation is "not supportable." Mot. 3. In so doing, Dynamic reiterates arguments it previously made in briefs and at oral argument, which the Court found unpersuasive. Although a motion for reconsideration "enables a trial court to address oversights, and the court appreciates the opportunity to do so," *Phillips/May*, --- Fed. Cl. at --- (quoting *Holland v. United States*, 75 Fed. Cl. 492, 494 (2007)), merely reiterating arguments previously made and rejected is insufficient to prevail on such a motion. "[O]therwise the losing party would generally, if not always, try [its] case a second time, and litigation would be unnecessarily prolonged, with no more satisfactory results, as there would still be a losing party in the end." *White Mountain Apache Tribe v. United States*, 9 Cl. Ct. 32, 35 (1985).

Dynamic does, however, advance one new contention, namely, that in addition to Dynamic and Evolver (the intervenors), two other entities that submitted proposals, Axseum and Serrato, interpreted the solicitation in a manner consistent with the Government and the intervenors. Mot. 6. The Court at oral argument asked Dynamic's counsel the precise question how many offerors interpreted the solicitation in the manner urged by the Government and the intervenors. Dynamic identified "the awardees"[1] but did not identify any such other offeror(s) or cite to the Court any portion of the Administrative Record where such information could be found. Transcript of Oral Argument (docket entry 44) 65:16–67:21. Dynamic conceded that "[f]or our purposes here . . . it is the awardees who did in fact propose more than 75 percent of the services." *Id.* at 67:6, 9–12; *see also* Dynamic's Cross Motion for Judgment on the

[1] In addition to awardees Dynamic and Evolver, Axseum Solutions was awarded contracts for the MEDCOM, Northeast, and Southeast regions. Administrative Record 1735. However, plaintiff did not challenge the awards to Axseum.

Administrative Record (docket entry 33) 19 ("[N]o other awardee construed the solicitation . . . in the manner suggested by [plaintiff] . . . ."). Dynamic's failure to make the argument it now advances prior to the entry of judgment for plaintiff would justify the Court in holding that Dynamic had waived the point. *Bluebonnet Sav. Bank v. United States*, 466 F.3d 1349, 1361 (Fed. Cir. 2006) ("[A]n argument made for the first time in a motion for reconsideration comes too late, and is ordinarily deemed waived and not preserved for appeal.").

Nevertheless, even if Dynamic were deemed not to have waived the point, the new argument would not have affected the outcome even if it had been timely made. Accepting Dynamic's new argument *arguendo*, the most that could be said is that four offerors (the intervenors and two others) interpreted the solicitation in the manner contended for by the Government and the intervenors. The record is silent on the nature of the proposals submitted by eight remaining offerors. Thus, as stated in the Court's Opinion and Order, we do not know whether those offerors "favored plaintiff's or defendants' interpretation, or some other interpretation altogether." *Heritage of Am.*, --- Fed. Cl. at --- n.9. Given that state of the record, the Court remains of the view that, for the reasons stated in its Opinion and Order, plaintiff carried its burden of proving that (1) the solicitation was unclear to the degree that it violated FAR 15.304(d), (2) the solicitation contained a latent ambiguity, and (3) plaintiff's interpretation was reasonable. The record reflects that plaintiff and other prospective offerors attempted in a timely manner to obtain clarification of the relevant language of the solicitation by asking questions of the Government, but the Government's responses were arguably incorrect (or at least misleading). Dynamic's new argument does not alter the Court's conclusion that, taken as a whole, the record establishes that defendant's conduct constituted a clear and prejudicial violation of applicable law and procedures, entitling plaintiff to prevail on the merits under 28 U.S.C. § 1491(b) (2000).

II

Dynamic also urges the Court to reconsider its determination that in weighing the factors relevant to the propriety of equitable relief, the balance of hardships tips in favor of plaintiff. Mot. 8. In that regard, Dynamic states that "the awardees' prices are a matter of public record," adding:

> Armed with the awardees' prices, it is simple for a competitor to learn an awardee's fully burdened rates. This is so because the contract is governed by the Service Contract Act ("SCA"). That means offerors must propose unit prices consistent with the SCA. For each region, the contract identifies the number of full-time equivalents (FTEs). It also provides the number of hours of services to be provided. Armed with this information, a competitor can readily, through simple reverse engineering, discover an awardee's fully burdened rates. . . . To call for resolicitation now that [Dynamic's] prices have been made public gives competing offerors an unfair competitive advantage. Resolicitation would only be fair if all offerors' prices were disclosed.

Mot. 8 (citation omitted).

As with its new argument relating to the merits, Dynamic also failed to make this argument in its briefs or at oral argument. That alone would be sufficient for the Court to treat the argument as waived at this late stage in the proceedings. *Bluebonnet*, 466 F.3d at 1361. However, even if this argument had been made in a timely fashion it would not have affected the outcome. Dynamic does not argue that the price disclosures made by the Government were unlawful, nor that the disclosures would not have been made absent the protest. Whether or not plaintiff had filed a protest, the duration of the contracts in issue was for a base year and four option years. Any price disclosure made by the Government would have been made whether the Government chose to exercise its options to extend the contracts or not. In any event, the Government was entitled at the end of the base year to decline to exercise its options and resolicit its requirements for the period following September 30, 2007, the end of the base year. That is effectively the same as the equitable relief provided for in the Court's Opinion and Order. If the Government had decided, for reasons of its own, not to exercise the options and to resolicit, the resolicitation would have taken place at a time when the awardees' prices were a matter of public record. Thus, Dynamic assumed the risk of the hardship of which it now complains.

Nevertheless, Dynamic argues that it would be unfair "to penalize [Dynamic], a small, 8(a) certified, woman-owned, disadvantaged business, when it has done nothing wrong." Mot. 8. The Court recognizes that Dynamic has done nothing wrong. The defects in the procurement process that occasioned this lawsuit were not of its doing. With respect to equitable relief, however, the lawsuit poses the question whether, given those defects, fairness to plaintiff, to the beneficiaries of the support services in question, to the intervenors, to the Government, and to the public at large counsels in favor of granting the tailored equitable relief ordered by the Court. Having carefully considered the balance of hardships, the Court is not persuaded that it erred in weighing the hardships to plaintiff if injunctive relief were denied, as compared to the hardships to the Government and the intervenors if injunctive relief were granted, much less that the tailored equitable relief ordered by the Court constitutes a manifest injustice.

For the reasons set forth above, Dynamic's motion for reconsideration is **DENIED.**

**IT IS SO ORDERED**.

s/ George W. Miller
GEORGE W. MILLER
Judge