IN THE UNITED STATES COURT OF FEDERAL CLAIMS

(BID PROTEST)

| | | |
|---|---|---|
| HERITAGE OF AMERICA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>DYNAMIC SYSTEMS TECHNOLOGIES, INC. and EVOLVER, INC.,<br><br>Defendants-Intervenors | ) | No. 07-150<br>(Judge George W. Miller) |

DEFENDANT'S MOTION FOR MODIFICATION
OF INJUNCTION AND FOR EXPEDITED CONSIDERATION

Pursuant to this Court's inherent power to modify its injunctions, we respectfully request that the Court modify the permanent injunction issued in this case to permit the United States Department of the Army ("Army") to exercise its option, pursuant to 48 C.F.R. § 52.217-8, to extend the incumbent contracts through March 30, 2008. The Court earlier granted a similar motion granting the same relief, through December 28, 2007.

## BACKGROUND

This motion arises under essentially the same circumstances as our previous motion to modify the injunction. In the resolicitation ordered by this Court in this case, defendant-intervenor, Dynamic Systems Technologies, Inc. ("DysTech"), has again filed, on December 27, 2007, a Government Accountability Office ("GAO") bid protest challenging the resolicitation (soliciation number W91WAW-07-R-0067) and invoking the Competition In Contracting Act's

("CICA") automatic stay. Thus, the Army's need to continue performance of its adult education services to military personnel and civilian employees again requires modification of this Court's order that the Army

> not exercise its options to continue the [subject] contracts of Evolver and Dynamic for the Northwest, Pacific, and Southwest regions beyond the end of their base years and . . . instead . . . [to] proceed promptly to resolicit contracts for the provision of ACES support services in the Northwest, Pacific, and Southwest regions beginning after September 30, 2007 ( i.e., after the end of the existing contracts' base years). Such resolicitation shall be conducted in conformance with applicable regulations and procedures, including, without limitation, FAR 15.304.

Heritage of America, LLC v. United States, 77 Fed. Cl. 66, 80 (2007). Performance of the incumbent contracts has now stopped.

ARGUMENT

It is axiomatic that this Court retains the power to modify its permanent injunctions. Sys. Fed. 91 RR. Employment Dep't, AFL-CIO v. Wright, 364 U.S. 642, 647 (1961) ("There is . . . no dispute but that a sound judicial discretion may call for the modification of the terms of an injunctive decree if the circumstances, whether of law or fact, obtaining at the time of its issuance have changed, or new ones have since arisen."); W.L. Gore & Assocs. v. C.R. Bard, Inc., 977 F.2d 558, 561 (Fed. Cir. 1992). In this case, sound equitable discretion calls for modification of the injunction to enable the Army to continue its adult continuing education program during DysTech's protest.

First, as we previously noted in our motion for judgment upon the administrative record in this case, the continuing education program is highly important and affects a large number of servicemen and women. Interruption of this program, which has already begun and will continue if the Court's injunction is not modified, will have extremely detrimental effects on the

Army, its personnel, and, consequently, the public interest. Army personnel are losing and will continue to lose important services that are their job benefits. The public will suffer a potential morale problem in wartime.

Second, as we have noted in the past, absolutely no harm will come to Heritage as a result of the modification of this Court's injunction because Heritage did not submit an offer in the resolicitation. Indeed, there is a substantial question of whether the Court's injunction should remain in force, given that Heritage no longer has "interested party" or "case and controversy" standing to receive the benefits of the permanent injunction. Heritage has proven by its inaction essentially what the Government argued all along – that it was not in a position to compete in a resolicitation of the contract – and this case is therefore moot. While we may ultimately ask the Court to vacate the permanent injunction, we are not yet fully prepared with research and an appropriate brief that will properly assist this Court in determining that vacatur of the injunction is appropriate. We therefore seek here only a modification of the injunction.

## CONCLUSION

For these reasons, we respectfully request that the Court consider this motion on an expedited basis and modify its injunction to permit a three-month extension – through and including March 30, 2007 – of the incumbent contracts pursuant to 48 C.F.R. § 52.217-8.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Brian T. Edmunds
BRIAN T. EDMUNDS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, NW
Washington, DC 20530
Tel. (202) 616-8253
Fax (202) 305-7644

January 10, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I certify that on this 10th day of January, 2008, a copy of the foregoing "Defendant's Motion for Modification of Injunction and For Expedited Consideration" was filed electronically. Parties may access this filing through the Court's electronic system.

s/Brian T. Edmunds