**UNITED STATES COURT OF FEDERAL CLAIMS**

**(BID PROTEST)**

| | |
|---|---|
| **HERITAGE OF AMERICA, LLC,**<br>**Plaintiff,**<br>**v.**<br>**UNITED STATES OF AMERICA,**<br>**Defendant,**<br>**and**<br>**DYNAMIC SYSTEMS TECHNOLOGY, INC., and EVOLVER,INC.,**<br>**Defendants-Intervenors.** | **No. 07-150C**<br>**(Judge George W. Miller)** |

**DEFENDANT-INTERVENOR'S RESPONSE TO DEFENDANT'S MOTION FOR MODIFICATION OF INJUCNTION AND FOR EXPEDITED CONSIDERATION**

Defendant-Intervenor, Dynamic Systems Technology, Inc. ("Dynamic"), through undersigned counsel, respectfully submits its Response to the United States' Motion for Modification of Injunction and for Expedited Consideration. In summary, Dynamic takes the position that inasmuch as the United States Department of the Army ("Army") duly has satisfied the Court's requirement to conduct a resolicitation no modification is necessary.

Consistent with the Court's Decision and Order in Heritage of America v. United States, 77 Fed. Cl. 66, 80 (Fed. Cl. 2007), as modified, the Army conducted a resolicitation and made an award decision on or about December 20, 2007, in advance of the Court's December 28, 2007 deadline. Hence, the Army has accomplished exactly what the Order sought to accomplish.

The circumstances here differ from the circumstances

surrounding Defendant’s earlier motion to modify the injunction. The earlier motion occurred in a pre-award context. At that time, no award decision had been made and the Army was concerned that it could not make an award decision prior to the September 30, 2007 deadline. For that reason, the Court granted the defendant’s motion to modify the permanent injunction to allow the Army to exercise options with Dynamic and Evolver to continue performing through December 28, 2007.

By contrast, in this instance the Army had already made an award decision. Consistent with the Court’s Order, the Army clarified the solicitation and conducted a resolicitation. The Army timely made its award decision in advance of the December 28, 2007 deadline. Hence, the Army has, in fact, satisfied the letter and the intent of the Court’s Order. Accordingly, no further modification is necessary.

Award decisions are always subject to challenge by any disappointed offeror. Indeed, as additional disappointed offerors receive their debriefings, the distinct possibility remains that more protests will be filed. Under circumstances where the Army has fully satisfied what the Court’s Order sought to accomplish, and where the plaintiff Heritage of America, LLC, is no longer an interested party, there is simply no need to further modify the Court’s Order, and there is certainly no need to further interrupt the Army’s continuing education program. This is particularly true since the harm complained of has been remedied.

## CONCLUSION

For all the foregoing reasons, we respectfully request that the Court conclude that its Order has been satisfied such that no further modifications are necessary.

Respectfully submitted,

s/Janice Davis____ _

Janice Davis
Davis & Steele
1100 - 15th Street, N.W.
Suite 300
Washington, DC 20005-1720
Telephone: 202-530-5828
Email: davis.steele@att.net

Counsel to Dynamic Systems Technology, Inc.

**CERTIFICATE OF FILING**

I hereby certify that, on the 10th day of January 2008, a copy of Defendant-Intervenor's MOTION FOR RECONSIDERATION was electronically filed pursuant to the Court's protected order. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

s/Janice Davis
Janice Davis