IN THE UNITED STATES COURT OF FEDERAL CLAIMS

(BID PROTEST)

| | | |
|---|---|---|
| HERITAGE OF AMERICA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>DYNAMIC SYSTEMS TECHNOLOGIES, INC. and EVOLVER, INC.,<br><br>Defendants-Intervenors | ) | No. 07-150<br>(Judge George W. Miller) |

DEFENDANT'S REPLY TO DYNAMIC
SYSTEMS TECHNOLOGIES, INC.'S RESPONSE TO
DEFENDANT'S MOTION FOR MODIFICATION OF INJUNCTION

Defendant, the United States, respectfully submits this reply to defendant-intervenor, Dynamic Systems Technologies, Inc.'s ("DysTech"), January 10, 2008 response to our motion for modification of the Court's injunction in this case. DysTech argues that the Department of the Army ("Army") has satisfied that injunction's terms and that the Court, therefore, need not modify the existing injunction. We agree that the Army has conducted a resolicitation, as DysTech claims, but because of the language of this Court's order, have requested that the Court modify that injunction, expressly allowing the Army to exercise its option to extend the incumbent contracts under 48 C.F.R. § 52.217-8, to eliminate any possibility that the United States could unintentionally be found in violation or contempt of this Court's order.

It is clear that "[t]he [G]overnment ha[s] no choice but to comply with the literal language of . . . injunctions 'until . . . modified or reversed, even if [it has] proper grounds to object to the order.'" Wolff Shoe Co. v. United States, 141 F.3d 1116, 1122 (Fed. Cir. 1998) (quoting GTE Sylvania, Inc. v. Consumers Union of the United States, 445 U.S. 375, 386 (1980)). The exact language of this Court's injunction, which we set forth in our motion, states that the Army may:

> not exercise its options to continue the [subject] contracts of Evolver and Dynamic for the Northwest, Pacific, and Southwest regions beyond the end of their base years and . . . instead . . . [to] proceed promptly to resolicit contracts for the provision of ACES support services in the Northwest, Pacific, and Southwest regions beginning after September 30, 2007 ( i.e., after the end of the existing contracts' base years). Such resolicitation shall be conducted in conformance with applicable regulations and procedures, including, without limitation, FAR 15.304.

Heritage of America, LLC v. United States, 77 Fed. Cl. 66, 80 (2007). The "literal language" of the injunction provides that the Army may "not exercise its options to continue" the incumbent contracts. Separately, it must also must "resolicit contracts for the provision of ACES support services" and must conduct the resolicitation "in conformance with applicable regulations and procedures." Id. The fact that a resolicitation has taken place does not appear to have any bearing on the requirement that the Army "not exercise its options," especially because, given DysTech's own protest, that resolicitation has not yet resulted in an unchallenged award allowing a new awardee to begin performance.

The Army cannot continue this extremely important program while risking that it is in violation of the "literal language" of the Court's order that the Army "not exercise its options." See Wolff Shoe Co, 141 F.3d at 1122. We therefore respectfully request that the Court modify,

clarify, or vacate its existing injunction, and, to allow the program to proceed, do so on an expedited basis.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Brian T. Edmunds
BRIAN T. EDMUNDS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, NW
Washington, DC 20530
Tel. (202) 616-8253
Fax (202) 305-7644

January 11, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I certify that on this 11th day of January 2008, I electronically filed "DEFENDANT'S REPLY TO DYNAMIC SYSTEMS TECHNOLOGIES, INC.'S RESPONSE TO DEFENDANT'S MOTION FOR MODIFICATION OF INJUNCTION." Parties may access this filing through the Court's electronic system.

s/ Brian T. Edmunds